IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. CORLISS, | : CIVIL NO. 3:CV-03-2201 |
| Petitioner | : (Judge Jones) |
| v. | : |
| LOUIS S. FOLINO, et. al., | : |
| Respondents | : |

## **O R D E R**

### **September 23, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Justin M. Corliss, ("Corliss" or "Petitioner"), an inmate presently confined in the Green State Correctional Institution, in Waynesburg, Pennsylvania, filed this Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. He challenges a conviction imposed by the Court of Common Pleas of Monroe County, in Stroudsburg, Pennsylvania. (Rec. Doc. 1). By Order dated April 26, 2005, this Court denied the Petition. (Rec. Doc. 47).

Presently pending before the Court is Petitioner's Motion for Reconsideration of this Court's April 26, 2005 Order. (Doc. 48). For the reasons set forth below, the Motion will be denied.

**Discussion**:

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), (quoting Above the Belt, Inc. v. Mel

Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Upon review of the Court's Order denying the Petition, the following was concluded:

> [T]he Court finds the majority of the issues raised by Petitioner to have not been properly exhausted; however, two of the issues raised by Petitioner have been exhausted and will be addressed on the merits.

Rec. Doc. 47, at 11.  With respect to the unexhausted claims, this Court found that:

> Petitioner's above unexhausted challenges to the validity of his conviction must be rejected on the ground that he has failed to pursue these issues in the state courts and has not established appropriate grounds for this Court to consider the claims in the first instance.

Rec. Doc. 47, at 21.  The Court denied the claims address on their merits for Corliss' failure

> to establish that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law as determined

3

> by the Supreme Court of the United States." Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Thus, habeas corpus relief is unavailable under § 2254(d) and the Court will deny the instant petition.

Rec. Doc. 47, at 28-29.

Petitioner's Motion for Reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Rather, Petitioner seeks only to expand upon the same claims raised in his initial Petition. Corliss does not raise or set forth any arguments in his Motion for Reconsideration that call into question our order of April 26, 2005. That Order does not contain manifest errors of law or fact and Corliss has not presented anything new, which if previously presented, might have affected our decision. Consequently, the Motion for Reconsideration will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner's Motion for Reconsideration (doc. 48) is **DENIED**.

2. Petitioner's Motion for Merits Review and Speedy Disposition (doc. 55) is **DISMISSED** as moot.

<u>s/ John E. Jones III</u>
JOHN E. JONES III
United States District Judge